## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KOCH MINERALS SÀRL
Chemin des Primevères 45
Fribourg, 1700
Switzerland

KOCH NITROGEN INTERNATIONAL SÀRL
Chemin des Primevères 45
Fribourg, 1700
Switzerland,

  *Plaintiffs,*

  *v.*

BOLIVARIAN REPUBLIC OF VENEZUELA
Ministerio del Poder Popular para Relaciones
Exteriores
Oficina de Relaciones Consulares
Avenida Urdaneta
Esquina Carmelitas a Puente Llaguno
Piso 1 del Edificio Anexo a la Torre MRE
Caracas, 1010
República Bolivariana de Venezuela,

  *Defendant.*

Civil Action No. _____

## COMPLAINT

Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI")

(collectively "Plaintiffs") by and through their undersigned counsel, COOLEY LLP, as and for

their complaint against the Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action to recognize and enter judgment on an arbitral award issued

under *the Convention on the Settlement of Investment Disputes and Nationals of Other States*,

Mar. 18 1965, 17 U.S.T. 1270 (the "ICSID Convention" or "Convention"), in favor of KOMSA

and KNI and against Venezuela, pursuant to 22 U.S.C. § 1650a and Article 54 of the

Convention.  The arbitration award (the "Award") was rendered on October 30, 2017, in ICSID

Case No. ARB/11/19, by an international arbitral tribunal duly convened and constituted under

the ICSID Convention.

## PARTIES

2.      Plaintiffs KOMSA and KNI are companies organized and existing under the laws

of Switzerland.

3.      Defendant the Bolivarian Republic of Venezuela is a foreign state within the

meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1330(a), 28 U.S.C. § 1605 and 22 U.S.C. § 1650a.  Under 28 U.S.C. § 1605(a)(1), Venezuela

waived its immunity for the purpose of this Complaint by becoming a party to the ICSID

Convention; and under 28 U.S.C. § 1605(a)(6), Venezuela is not entitled to immunity from the

jurisdiction of this Court because this action seeks confirmation of an award governed by a treaty

in force in the United States calling for the recognition and enforcement of arbitral awards—that

is, the ICSID Convention.  In addition, this Court has subject matter jurisdiction under 22 U.S.C.

§1650a because Plaintiffs seek to confirm an arbitral award rendered under the ICSID

Convention.

5.      Venue in this District is proper under 28 U.S.C. § 1391(f)(4).

6.      This Court may exercise personal jurisdiction over Venezuela pursuant to 28

U.S.C. § 1330(b).

## THE ICSID CONVENTION

7.      The ICSID Convention establishes a framework for the resolution of investment

disputes between a foreign sovereign member to the Convention and a national of another

country member to the Convention.  The Convention created the International Centre for

Settlement of Investment Disputes ("ICSID"), which administers arbitral proceedings under the

ICSID Convention, including the arbitration that resulted in the Award at issue here.

8.      Article 54(1) of the ICSID Convention addresses the recognition of ICSID awards

and provides that:

> Each Contracting Party shall recognize an award rendered pursuant
> to this Convention as binding and enforce the pecuniary
> obligations imposed by that award within its territories as if it were
> a final judgment of a court in that state.  A Contracting State with a
> federal constitution may enforce such an award in or through its
> federal courts and may provide that such courts shall treat the
> award as if it were a final judgment of the courts of a constituent
> state.

9.      The United States has been a party to the ICSID Convention since 1966, when the

Convention entered into force and Congress enacted enabling legislation with respect to Article

54(1) of the Convention.  That legislation, 22 U.S.C. § 1650a, provides that:

> An award of an arbitral tribunal rendered pursuant to chapter IV of
> the convention shall create a right arising under a treaty of the
> United States.  The pecuniary obligations imposed by such an
> award shall be enforced and shall be given the same full faith and
> credit as if the award were a final judgment of a court of general
> jurisdiction of one of the several States.

10.     Venezuela signed the ICSID Convention on August 18, 1993, and deposited its

instrument of ratification on May 2, 1995.  The Convention entered into force for Venezuela on

June 1, 1995.

## THE ARBITRATION AND THE AWARD

11.     KOMSA indirectly owned 25% of the equity of FertiNitro, the owner of two

fertilizer plants located in José, Venezuela.  KNI had a long-term offtake agreement with

FertiNitro to purchase, at a discount, both ammonia and urea.

12.     On October 10, 2010, then-President of Venezuela, Hugo Chavez pronounced an expropriation decree during his weekly television broadcast, taking control and possession of FertiNitro.  As executed the following day, the decree provided for the nationalization and seizure of FertiNitro and all of its assets, which extended to seizing full and effective control over FertiNitro's future production and abrogating the offtake agreement with KNI.

13.     Venezuela failed to compensate either KOMSA or KNI for the expropriation of their interests.

14.     As Swiss nationals, Plaintiffs were entitled to the protections guaranteed to foreign investors under the Agreement between the Swiss Confederation and the Republic of Venezuela on the Reciprocal Promotion and Protection of Investments dated November 18, 1993, which entered into force on November 30, 1994.  Accordingly, on June 28, 2011, Plaintiffs filed a Request for Arbitration with ICSID against Venezuela.  The Secretary-General of ICSID officially registered the Request for Arbitration on July 19, 2011.

15.     Venezuela participated in the arbitration from the outset and was represented by counsel throughout the proceedings.

16.     On October 30, 2017, the Tribunal issued the Award in Plaintiffs' favor. Consistent with Article 54(2) of the Convention, attached hereto as Exhibit 1 are English and Spanish copies of the Award certified by the Acting Secretary General of ICSID in accordance with ICSID procedure.

17.     The Tribunal unanimously found that Venezuela unlawfully expropriated KOMSA's interest in FertiNitro, and (by a majority) found that Venezuela unlawfully expropriated KNI's interest in the offtake agreement.  The date of expropriation for both was October 11, 2010.

18.     As compensation to KOMSA, the Tribunal awarded the principal sum of US$140,250,000 to KOMSA.  (Ex. 1 ¶ 12.3.)

19.     As compensation to KNI, the Tribunal awarded the principal sum of US$184,800,000 to KNI.  (*Id.* at ¶ 12.4.)

20.     The Tribunal further awarded KOMSA and KNI pre-award interest thereon from October 11, 2010 (the date of expropriation) to October 30, 2017 (the date of the Award) calculated at the US$ 6-month Libor rate plus 2%, compounded every six months on the sums awarded as referred to in paragraphs 18 and 19 of this Complaint, above, respectively.  The amount of pre-award interest awarded to KOMSA amounts to US$28,419,011.14, for a total of US$168,669,011.14.  The amount of pre-award interest awarded to KNI amounts to US$37,446,226.44, for a total of US$222,246,226.44.  The details of the interest calculations are provided in Exhibit 2 attached hereto.

21.     In addition, the Tribunal ordered Venezuela to pay the Plaintiffs, jointly:  (a) legal costs in the amount of US$17,436,085.10 (Ex. 1 ¶ 12.6); and (b) arbitration costs in the amount of US$628,836.435 (*id.* at ¶ 12.7).

22.     Finally, the Tribunal ordered Venezuela to pay post-award interest on the all the amounts awarded (and described in paragraphs 18 to 21 of this Complaint, above), including the total pre-award interest due on the principal sums of US$140,250,000 and US$184,800,000 (referred to in paragraphs 18 and 19 of this Complaint, above) from October 30, 2017 until payment, calculated at the US$ 6-month Libor rate plus 2%, compounded every six months.  (Ex. 1 ¶ 12.8.)

23.     Attached as Exhibit 2 is a true and correct copy of a letter dated November 20, 2017 from counsel for Plaintiffs (Robert Volterra) to counsel for Venezuela (Dr. Reinaldo

Enrique Muñoz Pedrosa, Christopher Ryan and others), regarding the amount due and accruing under the Award.

24.     Venezuela has not paid Plaintiffs any part of the Award.

## COUNT ONE
## FOR RECOGNITIONOF THE AWARD
## PURSUANT TO 22 U.S.C. § 1650A

25.     KOMSA and KNI restate and incorporate all the foregoing paragraphs of this Complaint as though fully set forth herein.

26.     The Award was rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

27.     Both Switzerland and Venezuela were parties to the ICSID Convention when the parties consented to the jurisdiction of ICSID to resolve the dispute.

28.     The United States is also a party to the ICSID Convention.  Article 54(1) of the ICSID Convention provides that the United States "shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

29.     Pursuant to 22 U.S.C. § 1650a, the pecuniary obligations imposed by the Award shall be enforced and shall be given the same full faith and credit as if the Award were a final judgment of a court of general jurisdiction of one of the States.

30.     Accordingly, the Court should recognize and enforce the pecuniary obligations of the Award.

## PRAYER FOR RELIEF

WHEREFORE, KOMSA and KNI respectfully request that the Court enter judgment in favor of KOMSA and KNI and against Venezuela, as follows:

A.     confirming, recognizing, and enforcing the pecuniary obligations of the Award against Venezuela;

B.     ordering that Venezuela pay to KOMSA US$140,250,000 in compensation, plus pre-award interest from October 11, 2010 to October 30, 2017, calculated at the US$ Libor 6-month rate plus 2%, compounded every six months (which amounts to US$28,419,011.14), and post-award interest from October 30, 2017, to the date of satisfaction at a rate of US$ Libor 6-month rate plus 2%, compounded every six months;

C.     ordering that Venezuela pay to KNI US$184,800,000 in compensation, plus pre-award interest from October 11, 2010 to October 30, 2017, calculated at US$ Libor 6-month rate plus 2%, compounded every six months (which amounts to US$37,446,226.44), and post-award interest from October 30, 2017, to the date of satisfaction at a rate of US$ Libor 6-month rate plus 2%, compounded every six months;

D.     ordering that Venezuela pay jointly to KNI and KOMSA US$17,436,085.10 plus US$628,836.435, or US$18,064,921.53, plus post-award interest on this sum from October 30, 2017, to the date of satisfaction at a rate of US$ Libor 6-month rate plus 2%, compounded every six months; and

E.     granting such other and further relief as the Court may deem just and proper.

Dated November 28, 2017

Respectfully Submitted,

/s/  *Michael J. Klisch*
Michael J. Klisch (D.C. Bar No. 429711)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC, 20004
Tel: 202-842-7870
mklisch@cooley.com

Mark D. Beckett
Rachel Thorn
Nathaniel Putnam
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: 212-479-6464
mbeckett@cooley.com
rthorn@cooley.com
nputnam@cooley.com
(*pro hac vice* applications forthcoming)

*Attorneys for Plaintiffs*