IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOCH MINERALS SÀRL<br>Chemin Des Primeveres 45<br>Fribourg, 1700<br>Switzerland<br><br>KOCH NITROGEN INTERNATIONAL SÀRL<br>Chemin de Primeveres 45<br>Case Postale 592<br>Fribourg, 1701<br>Switzerland,<br><br>      *Plaintiffs*,<br><br>      *v.*<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA;<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina Carmelitas a Puente Llaguno<br>Piso 1 del Edificio Anexo a la Torre MRE<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>      *Defendant*. | Civil Action No: 17-cv-02559-KBJ |

**REPORT ON STATUS OF SERVICE OF PROCESS**

      In compliance with the Court's Minute Order of October 24, 2018, Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively "the Koch Plaintiffs") respectfully report to the Court concerning the status of service of process on the Bolivarian Republic of Venezuela ("Venezuela" or the "Defendant") in their action to enforce an international arbitral award ("the Award") rendered against Venezuela pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, March 18 1965, 17 U.S.T. 1270 (the "ICSID Convention"). As detailed below,

Venezuela has now been served twice, and the Koch Plaintiffs presently intend to seek a default judgment at the earliest opportunity:

1. On January 11, 2018, counsel for the Koch Plaintiffs couriered a duly-executed and notarized USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents" form, together with duplicate English and Spanish copies of the original Complaint in this action, two supporting exhibits, summons, civil cover sheet, and notice of right to consent to trial before a magistrate judge, to the Central Authority designated by Venezuela for international service of process pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965) ("Hague Service Convention").  Exhibit 1. Venezuela's "Central Authority" is the Office of Consular Relations of Venezuela's Ministry of the Popular Power for External Relations (*Ministerio del Poder Popular para Relaciones Exteriores*) (the "Foreign Ministry").[1]  Delivery to the Foreign Ministry was made on January 25, 2018 and signed for on that date by K. Ordones, an employee of the Foreign Ministry. Exhibit 2.  Service on Venezuela was thus complete as of January 25, 2018 because Venezuela accepted service voluntarily.  *See* Hague Service Convention, Article 5 ("[T]he document may always be served by delivery to an addressee who accepts it voluntarily.").

2. Delivery to and acceptance by the Foreign Ministry completed service of the Complaint because Venezuela was *itself* the party to be served.  Service did not depend on Venezuela's Central Authority's subsequent delivery of the summons and complaint to a third-party located in Venezuela, as it might if the defendant were a Venezuelan individual or corporation distinct from the government of Venezuela itself.  Instead, as another federal district

---

[1] *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, opened for signature Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  Service information provided by Venezuela to the Hague Conference on Private International Law and valid through October 8, 2018 is attached as Exhibit 3 and available at https://www.hcch.net/en/states/authorities/details3/?aid=280

court has explained, "[s]ervice was effectuated on Venezuela, through its Central Authority under the Hague Convention . . . when it received the Summons, Complaint and transmittal documents." *Devengoechea v. Bolivarian Republic of Venezuela*, Case No.: 12-CV-23743, 2014 U.S. Dist. LEXIS 188755, *3 (S.D. Fla. Apr. 24, 2014). There was correspondingly no need for the Foreign Ministry to issue a certificate confirming that it had succeeded in serving process on itself.[2] *See Box v. Dallas Mexican Consulate General*, 487 Fed. Appx. 880, 886 (5th Cir. Aug. 21, 2012) (a certificate is "more important" when service is on a third party in the foreign country, rather than on the Central Authority "itself") (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2nd Cir. 2005) (service under the Hague Service Convention is "properly perfected . . . notwithstanding the failure of the Central Authority to return a Certificate" when the plaintiff attempts in good faith to comply with the requirements of the Convention and the defendant has sufficient notice that "no injustice would result")).

3. Nevertheless, following their submission of an Amended Complaint on May 23, 2018 (ECF # 7) and acting out of an abundance of caution, the Koch Plaintiffs decided to serve Venezuela through the Hague Service Convention for a second time.

4. Accordingly, on June 1, 2018, counsel for the Koch Plaintiffs couriered a duly-executed and notarized USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents," together with duplicate English and Spanish copies of the Amended Complaint, three supporting exhibits, and a civil summons, to the Venezuelan Foreign Ministry. Exhibit 4.

---

[2] The Hague Service Convention's provision for certification of service is designed for a scenario where a State's Central Authority assists a foreign litigant by serving process on someone else. *See* Hague Service Convention, Article 5 ("[t]he Central Authority of the State addressed *shall itself serve the document or shall arrange to have it served by an appropriate agency*") and Article 6 ("The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention. *The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered . . .*") (emphases added).

Delivery was made on June 13, 2018, and signed for by a Foreign Ministry employee, Mr. Jose Vera.  Exhibit 5.  Service of the Koch Plaintiffs' Amended Complaint under the Hague Service Convention was once again complete upon receipt by the Foreign Ministry, because there was no need for Venezuela's Central Authority to take further steps when Venezuela was *itself* the party being served.  *See Devengoechea*, 2014 U.S. Dist. LEXIS 188755, *3; *Box*, 487 Fed. Appx. at 886; *Burda Media*, 417 F.3d at 301.  The Amended Complaint and supporting papers had already definitively arrived at their destination.

       5.     Under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(d), "a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section."  Counting from the service of the Koch Plaintiffs' Amended Complaint on Venezuela's Foreign Ministry on June 13, 2018, Venezuela had until <u>August 13, 2018</u> to appear before this Court.

       6.     Venezuela did not do so.  As of the filing of this status report, Venezuela is now an additional three months further into default.

       7.     The Koch Plaintiffs have not moved for a default judgment against Venezuela, however, because enforcement of the underlying Award has been provisionally stayed.  Indeed, because the Award at issue in this case was made under the ICSID Convention, it is reviewable only within the ICSID framework and not subject to set-aside under the Federal Arbitration Act or any other national arbitration law.  *See* ICSID Convention, Articles 53(1) ("The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy *except those provided for in this Convention*."); 28 U.S.C. § 1650a ("[t]he Federal Arbitration Act (9 U.S.C. 1 *et seq*.) shall not apply to enforcement of awards rendered pursuant to the Convention.").

8.      Under Article 52(5) of the ICSID Convention, Venezuela's August 17, 2018 application to annul the Award automatically triggered a provisional stay of enforcement of the Award.[3]  An *ad-hoc* committee appointed pursuant to Article 52 of the ICSID Convention to consider Venezuela's challenge to the Award is currently weighing the parties' submissions as to whether it should lift or continue that stay.  Exhibit 6.  Until the provisional stay is lifted, however, a motion by the Koch Plaintiffs seeking entry of a default judgment before this Court – notwithstanding their repeated effective service of process on Venezuela in this case – could potentially place the Koch Plaintiffs in breach of the provisional stay.

9.      The Koch Plaintiffs will submit a further report to the Court within 60 days as required by the Court's Minute Order of October 24, 2018 or upon the ad hoc Committee's decision on the continuation or otherwise of the provisional stay.

Dated: November 13, 2018
New York, New York

Respectfully submitted,

_____
Alex Yanos (Bar No. NY0219)
Carlos Ramos-Mrosovsky (Bar No. 986363)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel:    202-210-9400
Fax:   212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com

*Counsel for Koch Minerals Sàrl and Koch Nitrogen International Sàrl*

---

[3] *See* ICSID Convention Article 52(5) ("If the applicant requests a stay of enforcement of the award in his application, enforcement shall be stayed provisionally until the Committee rules on such request.").