**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KOCH MINERALS SÀRL<br>Chemin Des Primeveres 45<br>Fribourg, 1700<br>Switzerland<br><br>KOCH NITROGEN INTERNATIONAL SÀRL<br>Chemin de Primeveres 45<br>Case Postale 592<br>Fribourg, 1701<br>Switzerland,<br><br>   *Plaintiffs*,<br><br>    *v.*<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA;<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina Carmelitas a Puente Llaguno<br>Piso 1 del Edificio Anexo a la Torre MRE<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>   *Defendant*. | Civil Action No: 17-cv-02559-KBJ |

**SECOND REPORT ON STATUS OF SERVICE OF PROCESS**

In compliance with the Court's Minute Order of October 24, 2018, Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively "the Koch Plaintiffs") respectfully submit this second report to the Court concerning the status of service of process on the Bolivarian Republic of Venezuela ("Venezuela" or the "Defendant") in their action to enforce an international arbitral award ("the Award") rendered against Venezuela pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, March 18 1965, 17 U.S.T. 1270 (the "ICSID Convention"):

1. As detailed in the Koch Plaintiffs report of November 13, 2018 (ECF # 18), Venezuela has now twice been successfully served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965) ("Hague Service Convention").

2. Specifically, Venezuela's Ministry of the Popular Power for External Relations (*Ministerio del Poder Popular para Relaciones Exteriores*) (the "Foreign Ministry") accepted service of the original Complaint in this action, together with supporting documents, on January 25, 2018 (ECF # 18, Ex. 2). The Foreign Ministry then accepted service of the Koch Plaintiffs' Amended Complaint, together with supporting documents, on June 13, 2018. *Id.*, Ex. 5.

3. As explained in the Koch Plaintiffs' prior status report to the Court, delivery to and acceptance by the Foreign Ministry completed service because Venezuela was *itself* the party to be served. ECF # 18, ¶ 2. Service did not require Venezuela's Central Authority's subsequently to deliver the summons and complaint to a third-party located in Venezuela. *See*, *e.g.*, *Devengoechea v. Bolivarian Republic of Venezuela*, Case No.: 12-CV-23743, 2014 U.S. Dist. LEXIS 188755, *3 (S.D. Fla. Apr. 24, 2014) ("Service was effectuated on Venezuela, through its Central Authority under the Hague Convention . . . when it received the Summons, Complaint and transmittal documents."). *See also* Hague Service Convention, Article 5 ("[T]he document may always be served by delivery to an addressee who accepts it voluntarily.").

4. Under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(d), "a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." Counting from the service of the Koch Plaintiffs' Amended Complaint on Venezuela's Foreign Ministry on June 13, 2018, Venezuela

had until <u>August 13, 2018</u> to appear before this Court.  Venezuela has not done so.  As of the filing of this second status report, Venezuela is now an additional five months into default.

5. The Koch Plaintiffs have not yet moved for a default judgment against Venezuela, however, because enforcement of the underlying Award has been provisionally stayed.  Pursuant to Article 52(5) of the ICSID Convention, Venezuela's August 17, 2018 application to annul the Award automatically triggered a provisional stay of enforcement of the Award.  ECF # 18.  An *ad hoc* committee appointed by the Secretary-General of ICSID to consider Venezuela's challenge to the Award pursuant to Article 52 of the ICSID Convention is currently weighing the parties' submissions as to whether it should lift or continue that stay.  *Id.*  Until the stay is lifted, seeking a default judgment before this Court – notwithstanding the repeated effective service of process on Venezuela in this case – could place the Koch Plaintiffs in breach of the provisional stay imposed under the ICSID Convention.

6. The Koch Plaintiffs will submit a further report to the Court within 60 days as required by the Court's Minute Order of October 24, 2018 or promptly upon the *ad hoc* Committee's decision on the continuation or otherwise of the provisional stay.

Dated: January 14, 2019
New York, New York

Respectfully submitted,

/s/ Alex Yanos

Alex Yanos (Bar No. NY0219)
Carlos Ramos-Mrosovsky (Bar No. 986363)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel:   202-210-9400
Fax:   212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com

*Counsel for Koch Minerals Sàrl and Koch Nitrogen International Sàrl*