IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOCH MINERALS SÀRL<br>Chemin Des Primeveres 45<br>Fribourg, 1700<br>Switzerland<br><br>KOCH NITROGEN INTERNATIONAL SÀRL<br>Chemin de Primeveres 45<br>Case Postale 592<br>Fribourg, 1701<br>Switzerland,<br><br>            *Plaintiffs*,<br><br>            *v.*<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA;<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina Carmelitas a Puente Llaguno<br>Piso 1 del Edificio Anexo a la Torre MRE<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>            *Defendant*. | Civil Action No: 17-cv-02559-KBJ |

**DECLARATION OF ALEXANDER A. YANOS
IN SUPPORT OF REQUEST FOR CLERK TO ENTER DEFAULT**

I, ALEXANDER A. YANOS, declare as follows:

1. I am an attorney for record for Plaintiffs and Arbitration Award Creditors Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively "the Koch Plaintiffs" or "Plaintiffs") in this case. I make this declaration based on my personal knowledge in support of the Koch Plaintiffs' request for the Clerk to enter default against the Bolivarian Republic of Venezuela ("Venezuela" or the "Defendant").

1

2.      On June 28, 2011, the Koch Plaintiffs commenced an arbitration against Venezuela by filing a request for arbitration with the International Centre for Settlement of Investment Disputes ("ICSID") seeking compensation for Venezuela's unlawful expropriation of their investment in Venezuela.  ECF # 7, ¶ 15.  The request for arbitration was registered by the Secretary-General of ICSID on July 19, 2011.  *Id.*

3.      On October 30, 2017, an ICSID Tribunal ("the Tribunal") issued an Award ("the Award") in Plaintiffs' favor, in which it found that Venezuela had unlawfully expropriated KOMSA's interest in fertilizer plants located in Venezuela, and that Venezuela had unlawfully expropriated KNI's interest in the offtake agreement..  ECF # 7, Ex. 1, ¶¶ 12.3-12.4.

4.      On November 28, 2017, the Koch Plaintiffs filed this action to enforce the pecuniary obligations of and give full faith and credit to the Award.  *See* ECF No. 1.  The Complaint set forth a single count under 22 U.S.C. § 1650a.  *Id.* ¶¶ 25-30.

5.      On January 11, 2018, in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial matters (the "Hague Service Convention"), the Koch Plaintiffs couriered (*i*) a duly-executed and notarized USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents" in duplicate English and Spanish versions, together with duplicate English and Spanish copies of: (*ii*) the original Complaint in this action, (*iii*) two supporting exhibits, (*iv*) summons, (*v*) civil cover sheet, and (*vi*) notice of right to consent to trial before a magistrate judge to the Central Authority designated by Venezuela for international service of process pursuant to the Hague Service Convention.  A true and correct copy of the duly executed and notarized USM-94 form is attached as Exhibit 1.

6.      Delivery to the Central Authority was made on January 25, 2018 and signed for on that date by K. Ordones, an employee of the Central Authority.  A true and correct copy of the proof of delivery is attached as Exhibit 2.

7.      Venezuela's "Central Authority" is the Office of Consular Relations of Venezuela's Ministry of the Popular Power for External Relations (*Ministerio del Poder Popular para Relaciones Exteriores*) (the "Foreign Ministry").  Service on Venezuela was thus complete as of January 25, 2018 because Venezuela was *itself* the party to be served and no further action by the Venezuelan Foreign Ministry was required to complete service.  A true and correct copy of information provided by Venezuela to the Hague Conference on Private International Law and identifying Venezuela's Central Authority is attached as Exhibit 3.

8.      In the meantime, on December 18, 2017, the Acting Secretary-General of ICSID registered Venezuela's request for rectification of the Award.  ECF # 7, ¶ 24.  On April 11, 2018, the Tribunal issued a Decision on Rectification reducing the principle amount awarded to KNI as compensation by US$18,100,000 (from US$184,800,000 to US$166,700,000).  ECF # 7, Ex. 2.  The October 30, 2017 Award and the Tribunal's April 11, 2018 Decision on Rectification jointly comprise the full and final Award in this case.  ECF # 7, ¶ 26.

9.      The Koch Plaintiffs accordingly filed an Amended Complaint to reflect the Tribunal's downward revision of the compensation owed to KNI by Venezuela on May 23, 2018.  ECF # 7.  No new causes of action or defendants were added to the Amended Complaint.  Subsequently, acting out of an abundance of caution, the Koch Plaintiffs decided to serve Venezuela through the Hague Service Convention for a second time.

10.     On June 1, 2018, the Koch Plaintiffs couriered a duly executed and notarized USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents" in duplicate English and

Spanish versions, together with duplicate English and Spanish copies of the Amended Complaint, three supporting exhibits, and civil summons, to the Venezuelan Foreign Ministry. A true and correct copy of the duly executed and notarized USM-94 form is attached as Exhibit 4.

11. Delivery was made on June 13, 2018, and acknowledged in writing by a Foreign Ministry employee, Mr. Jose Vera. A true and correct copy of the proof of delivery is attached as Exhibit 5. Service of the Koch Plaintiffs' Amended Complaint upon Venezuela pursuant to the Hague Service Convention was complete upon receipt and acceptance by the Foreign Ministry on June 13, 2018.

12. Venezuela has failed to respond within 60 days of service of the Koch Plaintiffs' Complaint as required under 28 U.S.C. § 1608(d). Venezuela has filed no pleadings and served none upon the Koch Plaintiffs or their counsel. Likewise, Venezuela has received no extension of its time to seek an extension and its time to do so has expired. Venezuela is neither an infant nor an incompetent person.

13. The Clerk is respectfully requested to enter a default against Venezuela.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York
       May 9, 2019

_____
Alex Yanos
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel:   212-210-9400
Fax:   212-210-9444
alex.yanos@alston.com