1                    BEFORE THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLUMBIA
2

3    KOCH MINERALS SARL, et al.,        .
                                        .  Case Number 17-cv-2559
4            Plaintiffs,                .
                                        .
5         vs.                           .
                                        .
6    BOLIVARIAN REPUBLIC OF VENEZUELA,  .  October 13, 2020
                                        .  1:09 p.m.
7            Defendant.                 .
     - - - - - - - - - - - - - - - - - -

8

9                    TRANSCRIPT OF STATUS CONFERENCE
                  BEFORE THE HONORABLE ZIA M. FARUQUI
10                  UNITED STATES MAGISTRATE JUDGE

11

     APPEARANCES:
12

13   For the Plaintiffs:          ALEXANDER YANOS, ESQ.
                                  CARLOS RAMOS-MROSOVSKY, ESQ.
14                                Alston & Bird LLP
                                  90 Park Avenue
15                                New York, New York 10016

16   For the Defendant:          KEVIN MEEHAN, ESQ.
                                  Curtis, Mallet-Prevost, Colt &
17                                   Mosle LLP
                                  1717 Pennsylvania Avenue Northwest
18                                Washington, D.C. 20006

19

20

21   Official Court Reporter:    SARA A. WICK, RPR, CRR
                                  333 Constitution Avenue Northwest
22                                U.S. Courthouse, Room 4704-B
                                  Washington, D.C. 20001
23                                202-354-3284

24

     Proceedings recorded by stenotype shorthand.
25   Transcript produced by computer-aided transcription.

```
1                    P R O C E E D I N G S
2          (All participants present via video or telephone
3      conference.)
4              THE COURTROOM DEPUTY:  This is Civil Case 17-2559,
5      Koch Minerals Sarl, et al., versus Bolivarian Republic of
6      Venezuela.  This is set for a status hearing.
7          Would the parties please introduce yourselves for the
8      record, starting with the plaintiff.
9              MR. YANOS:  Yes, Your Honor.  This is Alexander A.
10     Yanos.  I'm from Alston & Bird, and I represent the Koch
11     parties.
12             THE COURT:  Good afternoon, Mr. Yanos.
13             MR. MEEHAN:  Good afternoon, Your Honor.  This is
14     Kevin Meehan of Curtis, Mallet for respondent Bolivarian
15     Republic of Venezuela.
16             THE COURT:  Good afternoon, Mr. Meehan.
17             MR. YANOS:  My colleague Mr. Ramos-Mrosovsky was going
18     to introduce himself as well.
19         You're on mute, Carlos.  Nope, still mute.
20             MR. RAMOS-MROSOVSKY:  Carlos Ramos-Mrosovsky of
21     Alston & Bird in New York, also for the Koch parties.  Thank
22     you, Your Honor.
23             THE COURT:  Thank you very much.  Glad to be in front
24     of you all today.
25         I took a look at the status report filed by the plaintiff.
```

1    I appreciate the urgency for what you want to get before the

2    Court and understandably why.  You have some issues to sort out

3    between here and other courts.

4        I am happy to hear from you.  I will start off by saying

5    that we did take note of the defendant's filing in noting their

6    objection to proceeding before a magistrate judge.  We have

7    informed the District Court judge, Judge Ketanji Brown Jackson,

8    that this matter is no longer before me on consent, and so that

9    we look to her to take this matter potentially back, although in

10    my experience she has frequently referred matters for reports

11    and recommendations back to the magistrate bench.  And

12    obviously, we had already started doing some homework in getting

13    caught up on this case, and so we have some familiarity.

14        But I am happy to hear from the plaintiffs about any

15    thoughts about your current -- where things stand with you now

16    and how you would like for things to move forward, I'm sure, as

17    expeditiously as possible.

18            MR. YANOS:  Yes, for sure.

19        The only thing I would say, Your Honor, as I think we've

20    said in some of the papers, the respondent has missed its

21    opportunity to object to the submission of this matter to a

22    magistrate, and there is case law on this which we have in the

23    papers.  *Baker against Libya* deals with that where the

24    respondent defaulted on its opportunity to respond to the

25    initial pleadings, and then there's the submission to a

magistrate.  They don't get to come in and object to the
submission of the matter to a magistrate.

So we just wanted to make clear our position that we think
this is properly before you.

THE COURT:  Great.  That's --

MR. YANOS:  Not just for a recommendation, but for a
judgment.

THE COURT:  Sure.  And so where the -- pardon me.
We're just getting caught up to speed on the docket.  Do you
know what pleading that was in?  I'm just taking a look myself
at the docket.  Was that in one of your supplements in which you
were continuing to seek default or in response to the defendant?

MR. YANOS:  Yeah, it would have been -- I think we
mentioned it -- the first time they raised the issue with the
submission to the magistrate, as I recall, was in the -- was in
front of Judge Robinson.  So I think it would have been in one
of our supplemental papers.

THE COURT:  Let's hear from the defendant.

Mr. MEEHAN:  Thank you, Your Honor.  This is Kevin
Meehan for the respondent.

I believe that we had objected to the consent to magistrate
in our papers and had reiterated that objection in oral argument
in December, as well as in our supplemental memorandum of law,
also filed in December.

Our view is that, you know, should Your Honor issue a

1    report and recommendation, the case would proceed as

2    contemplated under Local Rule 72.3 whereby the parties may file

3    an objection and the case is referred back to the District Court

4    for its decision.

5              THE COURT:  Okay.  That's very helpful.  Thank you,

6    Mr. Meehan.

7        I think that -- it sounds like there was some briefing and

8    some argument on this.  Obviously, that was before my

9    predecessor.  So I am a little behind the curve on that.  What I

10   think I will do is probably just set an expedited briefing

11   schedule, and hopefully a lot of this will just be copying and

12   pasting at its finest, I'm sure, but perhaps we can just tee

13   this issue up more directly.

14       It sounds like plaintiff -- do you think that given that

15   you've already kind of gone down this path and it's a pretty

16   limited question, that this is something you could get by

17   Thursday or Friday of this week, just something before us

18   setting forth the authority for the magistrate to go forward?

19             MR. YANOS:  Absolutely, Your Honor.  Thank you.

20             THE COURT:  Great.

21       And Mr. Meehan, it sounds like you have already briefed

22   this issue as well for when you were in your previous pleading.

23   So do you think that we could get something -- if they file it,

24   let's say -- whatever day they file it, do you want to just say

25   three business days thereafter?  I think you will get the

```
1    weekend as well, regardless of when it is.  Does that sound fine

2    to you?

3              Mr. MEEHAN:  That's fine with us, Your Honor.  Thank

4    you.

5              THE COURT:  Great.  And then I think from the

6    plaintiffs' side, hopefully we won't need a reply, but if you

7    do -- okay.  Great.  I appreciate that.

8        I think this should be pretty straightforward.  I will tell

9    you what I anticipate doing is looking at that, issuing an

10   order.  I think it will help tee it up for the District Court

11   judge as well, and then we will let you know how we want to

12   proceed.

13       We will also try to get some guidance from the District

14   Court, because potentially, you know, this could be six one/half

15   dozen another if she is just going to kick this back to us.

16   Obviously, I think then we still have to get into the substance

17   of it.

18       So let's set aside the procedural part.  Again, you know,

19   I'm a blank slate here and so for better or for worse.  Is there

20   anything else?  We have your pleadings.  We have been digging

21   down into them, some fairly interesting questions and things to

22   get into from our end.  Anything at this point in terms of --

23   and please, you do not need to recount all the things in the

24   pleadings, but is there anything that you feel like came up in

25   one of the prior hearings before Judge Robinson that you would
```

1    like to flag for us as to anything of substance?  We can start

2    with the plaintiffs.

3         MR. YANOS:  Nothing has changed in terms of the

4    situation, the legal situation before the Court.  The only thing

5    I would mention again is that since then Crystallex, which is

6    the, let's call it, lead plaintiff in the process of enforcing

7    arbitration awards against Venezuela, it had its judgment --

8    well, its cert was denied on Venezuela's efforts to appeal the

9    decision of the Third Circuit allowing Crystallex to enforce its

10   award against PDVSA in Delaware.

11        And obviously, our goal is to eventually participate in any

12   process once OFAC permits that process to go forward in

13   Delaware.  And so we are just conscious of the time, the passage

14   of time, because we would be prejudiced if that were to happen

15   before we were able to get to Delaware for that process.

16        So that's the number 1 matter of urgency I wanted to flag

17   for the Court.

18        THE COURT:  Thank you.  And just so I can get a little

19   bit better understanding of that, so OFAC granted licenses?

20        MR. YANOS:  No.  The licenses for the actual auction

21   have not been granted.  As of now, at least, that's what

22   Crystallex said in front of Judge Stark a little bit less than

23   three weeks ago, I guess.  But because the Supreme Court denied

24   cert, Judge Stark is hearing motions on how to proceed with an

25   auction once a license is granted for that auction.

1    This proceeding is not subject to any licensing

2    requirements.  OFAC has made that clear.  So my point is just

3    that once we get a judgment here, we are going to be going

4    there.  We want to make sure we are a part of that process and

5    not that that process goes forward without us.

6        THE COURT:  Understood.  Yes.  I am appreciative of

7    often the deliberative but sometimes you never know if it can

8    surprise you and move quickly.  But I understand that you want

9    to make sure you get a seat at the table if you have a judgment

10   that is valid and can be executed upon.  But I get that.  That's

11   helpful.  Thank you.

12       Anything for the defendant other than -- again, we will

13   continue to dive into your papers, and if need be, we can always

14   call, if we have questions, for another status report, things

15   like that.  But anything you want to flag for us?

16       Mr. MEEHAN:  Sure, Your Honor.  I would like to make

17   sort of three points on this urgency issue and in particular

18   with the proceedings that are ongoing in Delaware.

19       Number 1, Your Honor, the arbitral award at issue in this

20   case was rendered against the Republic of Venezuela.  The assets

21   to which claimant is referring to are securities owned by PDVSA,

22   which is the state-owned oil company.

23       At the time that Crystallex got its attachment,

24   circumstances were very different.  That was at a time when

25   PDVSA had not been designated as a specially designated national

1    under the OFAC regulations, and it was also at a time when the

2    Maduro government was in control of Venezuela.  Since that time,

3    the United States government has recognized the Guaido

4    government as the sole and exclusive government of Venezuela.

5    That decision of the executive is binding on the Court, as so

6    determined by the D.C. Circuit.

7         And so there are a few issues at play here.  First is that

8    Judge Stark, before whom the proceedings in Delaware are

9    pending, has issued an order saying that any other creditor of

10    Venezuela that seeks to enforce its judgment or award against

11    property of PDVSA is going to re-establish the alter ego

12    determination based on the possibility of changed circumstances.

13    And in fact, pending before Judge Stark is a motion to vacate

14    the attachment order on the basis of the changed circumstances

15    in light of the change in government.

16         In addition, in connection with both that motion and

17    Crystallex's attempts to proceed with execution, the United

18    States government has come in and submitted a statement of

19    interest in that case, both supporting the recognition that

20    there have been changed circumstances in Venezuela and as well

21    to state that the actual enforcement of the attachment or

22    execution of the attachment cannot go forward without an OFAC

23    license and makes very clear that the circumstances with

24    Crystallex are unique because they did attain their attachment

25    prior to the assets being blocked under OFAC regulations.

1    So it's our position that Koch or other creditors cannot

2    even obtain an attachment under the explicit terms of the

3    regulations unless and until they obtain an OFAC license, which

4    apparently has not happened in this case.

5    And then the final thing that I would mention here in terms

6    of the urgency is, our motion to dismiss for lack of personal

7    jurisdiction based on improper service of process has been

8    pending since August 2019, and we are unaware of any attempts to

9    cure the deficiencies in terms of service of process.  So if it

10   really was that urgent, you would think claimants would be

11   making some sort of endeavor to cure the deficiencies.

12   So those are really the three issues here, and if Your

13   Honor would like a copy of the statement of interests that was

14   filed in the Crystallex case, we would be happy to file that

15   with Your Honor as well.

16   THE COURT:  Yeah, that would be very helpful.  I think

17   certainly it goes to the question of whether or not, you know,

18   there is some urgency, but I think irrespective of that, I just

19   want a clear -- I still have the naivety of being new on the

20   bench.  So I think I have to clear my docket quickly.  I'm sure

21   you all will hopefully come back and remind me of that youthful

22   enthusiasm.  But yes, that would be helpful to read that.

23   I'm curious, are you representing any parties in that

24   matter as well in front of the other judge, or --

25   Mr. MEEHAN:  Not in the Crystallex case, but in the

1    Conoco -- there's another case with Conoco which holds a

2    judgment against PDVSA.  We are representing PDVSA in that case.

3          THE COURT:  Understood.  Thank you.

4      That's helpful background from both sides.  Thank you very

5    much for teeing up those issues.  I appreciate you all working

6    on an expedited briefing schedule.  I am hopeful that we can, if

7    nothing else, put to bed this question of whether or not the

8    issue is properly before us or not, and as I said, you know, it

9    may be overcome by events if we hear from Judge Jackson before

10   then.  Certainly, she would issue a minute order to notify the

11   parties if that was the case, but we will let her know that we

12   are getting briefing on this.  I suspect she will just wait now

13   to hear from both you all and then from myself as well, and then

14   we can circle back and see what's next.

15         MR. YANOS:  Thank you, Your Honor.

16         Mr. MEEHAN:  Thank you, Your Honor.

17         THE COURT:  It sounds like we don't have anything else

18   from either party, then.  Is there anything else from the

19   plaintiffs?

20         MR. YANOS:  The only thing I would just mention, Your

21   Honor, is just, you know, we heard a long story about what's

22   going on in Delaware.  All of that actually establishes two

23   things:  One, that the judgment or the order that they mentioned

24   from Judge Stark saying that we need to prove the alter ego

25   theory again also includes an order saying that the service

1    method that we used was appropriate and, therefore, that the

2    default should go forward.  And that's in front of the Court.

3    That was the supplemental brief that we submitted to Judge

4    Robinson after our hearing back in December.

5        And then number 2, the fact that we have to reprove the

6    alter ego point in another forum is all the more reason we need

7    to get to that forum as soon as possible.

8        That's all.

9            THE COURT:  Thank you.  Anything else from defendant?

10           Mr. MEEHAN:  No, Your Honor.

11           THE COURT:  Great.  It sounds like Judge Stark giveth

12   and he taketh.  So I look forward to reading his opinion and the

13   statement of interests.

14       Sara, my court reporter, now I can no longer be chastised

15   for talking too quickly where I usually was as a party.  So she

16   will have to figure out some polite way to remind me to slow

17   down.  It was great to see you, Sara.

18       Great to see you, everyone.  Hopefully, Mr. Meehan, next

19   time we will get to see you as well, but thank you so much for

20   this helpful conference today.

21       (Proceedings adjourned at 1:26 p.m.)

22

23

24

25

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3          I, Sara A. Wick, certify that the foregoing is a

 4   correct transcript from the record of proceedings in the

 5   above-entitled matter.

 6

 7          Please Note:  This hearing occurred during the

 8   COVID-19 pandemic and is, therefore, subject to the

 9   technological limitations of court reporting remotely.

10

11

12   /s/ Sara A. Wick                    October 14, 2020

13   SIGNATURE OF COURT REPORTER         DATE

14

15

16

17

18

19

20

21

22

23

24

25
```