UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOCH MINERALS SÀRL, *et al.*, **Plaintiffs,** v. **BOLIVARIAN REPUBLIC OF VENEZUELA,** **Defendant.** | Civil Action No. 17-cv-2559-ZMF |

## ORDER

Pending before the Court is Defendant Venezuela's "appeal" challenging the Court's December 23, 2020, Memorandum Opinion based in its "expectation that an Article III judge would decide" its earlier motion to dismiss. ECF No. 48 (Def.'s Appeal) at 18. Such an "objection[] to the Magistrate Judge's proposed findings and recommendations" would be proper if the Court had issued a Report and Recommendation and if the case was still assigned to a District Court judge. *See* LCvR 72.3(b). But the Court did not issue a Report and Recommendation, and there is no District Court judge assigned to this case. Thus, an objection under Local Rule 72.3 is improper. *See* ECF No. 46 (Memorandum Opinion) at 20–25. Once a Magistrate Judge enters an order in a case before it for all purposes under Local Rule 73.1, that order may only be appealed using the procedures outlined in Local Rule 73.1(c).

Venezuela's objection is rooted in its mistaken belief that District Court Judge Kentanji Brown Jackson is still presiding over this matter. *See* Def.'s Appeal at 1. This case was "*originally* assigned" to Judge Jackson. *Id.* at 12 (emphasis added). Yet, Judge Jackson has not presided over this matter since May 31, 2019. *See* ECF No. 28 (Referral Order).

1

Venezuela's "expectation that [Judge Jackson] would decide its motion" does not comport with the reality of this case. Def.'s Appeal at 18. Venezuela attempted to reassign the case "by naming [Judge Jackson] as the signor on [a] proposed order." *Id.* However, only the Court is authorized to reassign a case. The parties are not empowered to fiat re-assignment once the Court has assigned or reassigned a matter. Granting the parties such authority would lead to judge shopping. Ultimately, Venezuela has not presented any procedural mechanism that could bring this case back before Judge Jackson. As such, this case remains before the undersigned Magistrate Judge.

The Court will construe Venezuela's appeal as a motion for reconsideration. *See Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 45 (D.D.C. 2011) (construing renewed request as motion to reconsider an earlier award denying that request). Indeed, the primary request in Venezuela's "appeal" is that the Court "grant Venezuela's motion to dismiss this case." Def.'s Appeal at 32. The undersigned already rejected such request. *See generally* Memorandum Opinion. "The Court may exercise its discretion to grant a motion to reconsider a final order upon finding that 'there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *See Phillips v. Johnson*, No. 16-cv-621, 2017 WL 7279376, at *1 (D.D.C. Apr. 12, 2017) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). No such grounds exist here.[1]

---

[1] Venezuela makes two arguments that it believes indicate there has been a "clear error or . . . manifest injustice." *Phillips*, 2017 WL 7279376, at *1. *First*, it argues that the parties "stipulated that Venezuela did not consent to a magistrate judge's jurisdiction." *See* Def.'s Appeal at 1 (citing ECF No. 34 (Aug. 27, 2019 Joint Status Report)). In that Joint Report, the parties indeed stated that "[a]t no point has Venezuela provided . . . consent" to proceed before a magistrate judge for all purposes. Aug. 27, 2019, Joint Status Report at 2. However, *only Venezuela* took the position that the pending motions "should be decided by the district court judge." *Id.* Plaintiffs expressly stated that they "d[id] not agree." *Id.* At most, Plaintiffs stipulated that Venezuela never signed a consent form, and thus never *expressly* consented to magistrate judge jurisdiction. *See id.*

2

The Court therefore DENIES Venezuela's appeal which the Court construes as a Motion to Reconsider.  Under Federal Rule of Civil Procedure 4(a)(1)(A), Venezuela will have 30 days from the date of this order to file an appeal to the D.C. Circuit Court of Appeals.

Should Venezuela timely move to appeal this Court's orders, then the Court will stay the proceedings pending appeal.  Otherwise, as both parties agree that no further discovery is warranted in this case, *see* ECF No. 47 (Jan. 5, 2021, Joint Status Report) at 1, the Court hereby sets the following briefing schedule: Plaintiffs' Motion for Summary Judgment shall be due March 22, 2021; Defendant's Opposition shall be due April 5, 2021; and Plaintiffs' Reply shall be due April 12, 2021.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

---

However, that in no way impacts plaintiff's argument that magistrate judge jurisdiction was based on Venezuela's *implied* consent (in tandem with Plaintiff's explicit consent), which was the basis of this Court's opinion.  *See* Memorandum Opinion at 20–25.

*Second*, Venezuela points out that Plaintiffs "represented that [they] had raised and argued the [magistrate judge jurisdiction] issue in front of Magistrate Judge Robinson, even though that assertion was demonstrably false."  Def.'s Appeal at 21.  While true that Plaintiffs substantively argued this jurisdictional question for the first time at the November 12, 2020 hearing, *see* ECF No. 44 (Hearing Transcript), this error carries no significance.  Following the hearing, the undersigned ordered both parties to brief the issue of magistrate judge jurisdiction.  *See* Minute Order (Oct. 13, 2020).  Both parties had a full and fair opportunity to be heard on the matter before this court ruled on the issue.  *See* ECF No. 41 (Pls.' Second Supp. Brief); ECF No. 42 (Def.'s Second Supp. Brief).  Thus, Venezuela has not demonstrated that there was any clear error or manifest injustice.