IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Civil Action No: 17-cv-02559- ZMF |

**REPLY MEMORANDUM OF PLAINTIFFS KOCH MINERALS SÀRL AND KOCH NITROGEN INTERNATIONAL SÀRL IN FURTHER <u>SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs and Arbitration Award Creditors Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Reply Memorandum in further Support of their Motion for Summary Judgment.

The Bolivarian Republic of Venezuela's ("Venezuela" or the "Defendant") Response in Opposition to the Motion for Summary Judgment largely concedes Plaintiffs' request to enforce the Award, subject to Plaintiffs providing an updated calculation of post-award interest.[1] *See* ECF No. 53 at 2 (citing *Tenaris, S.A. v. Bolivarian Republic of Venezuela*, No. 18-cv-1373 (CJN), 2021 U.S. Dist. LEXIS 59126, at *11–12 (D.D.C. Mar. 29, 2021)). Indeed, Venezuela has little choice: a federal statute, implementing a treaty obligation of the United States provides that ICSID awards "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." *See* 22 U.S.C. § 1650a; ECF 52-1 at 4–5 (discussing the standard for enforcing an ICSID Award).

Where, as this Court has already held, Venezuela was properly served in conformity with the Foreign Sovereign Immunities Act, ECF No. 46 at 11–20, and where the Court's personal jurisdiction over Venezuela and subject matter jurisdiction over this proceeding to enforce the Award are—as they should be—unchallenged in Venezuela's most recent filing, the Court should grant Plaintiffs' Motion for Summary Judgment and enforce the Award pursuant to Section 1650a.

---

[1] Together, the original ICSID award and the Decision on Rectification—Exhibits 1 and 2 of Plaintiffs' Amended Complaint, ECF No. 7—constitute the full, final, and authentic "Award."

1

Venezuela's obligations under the Award are a matter of arithmetic. Plaintiffs have attached as **Exhibit 1** an updated schedule of the amounts owed pursuant to the Award, inclusive of post-award interest, through October 11, 2021.[2]

These calculations are based on the Award and reflect the following method of calculating the total amount owed:

- Total owed to KOMSA, consisting of:
    - Principal sum awarded to KOMSA: US$ 140,250,000 (ECF No. 7-1, ¶ 12.3);
    - Pre-award interest from October 11, 2010 to October 30, 2017, calculated at the US$ Libor 6-month rate plus 2%, compounded every six months, which amounts to US$ 28,419,011.14;
    - Post-award interest post-award interest from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.
- *Plus* the total owed to KNI, consisting of:
    - Principal sum awarded to KNI: US$ 166,700,000 (ECF No. 7-2, ¶ 74);
    - Pre-award interest from October 11, 2010 to October 30, 2017, calculated at the US$ Libor 6-month rate plus 2%, compounded every six months, which amounts to US$ 33,778,603.62; and

---

[2] Exhibit 1 presents (*i*) a schedule of amounts owed under the Award through October 11, 2021, as well as (*ii*) tables breaking down the calculations; and (*iii*) LIBOR data downloaded from Bloomberg on April 9, 2021 and used in calculating the total amount of post-award interest.

2

- o Post-award interest post-award interest from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.
- *Plus* the total cost and fees owed from Arbitration, consisting of:
    - o Legal costs amounting to US$ 17,436,085.10 (ECF No. 7-1, ¶ 12.6);
    - o Arbitration costs amounting to amount of US$ 628,836.435 (*id*. at ¶ 12.7); and
    - o Post-award interest from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.

Definitively fixing the amount of post-award interest due, in the event that the Court grants Plaintiffs' Motion for Summary Judgment, depends upon the specific date of entry of judgment by this Court. *See Tenaris II*, 2021 U.S. Dist. LEXIS 59126, at *5 ("[P]ost-award interest refers to the interest that accrues between the arbitration panel's decision ***and a decision enforcing the award***.") (emphasis added). Post-judgment interest would thereafter accrue from the date of the Court's final judgment at the rate defined by 28 U.S.C. § 1961(a): "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."

## CONCLUSION

For the reasons stated above and in Plaintiffs' Memorandum in Support of Their Motion For Summary Judgment, ECF No. 52-1, Plaintiffs request this Court enter a final judgment enforcing the Award pursuant to 22 U.S.C. § 1650a. A revised proposed Order is attached as **Exhibit 2**.

Dated: April 12, 2021

New York, New York

Respectfully submitted,

_____

Alexander A. Yanos
Carlos Ramos-Mrosovsky
Rajat Rana
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

*Counsel for Plaintiffs Koch Minerals Sàrl and Koch Nitrogen International Sàrl*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

Alexander A. Yanos