UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KOCH MINERALS SÀRL,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **BOLIVARIAN REPUBLIC OF VENEZUELA,** <br><br> **Defendant.** | Civil Action No. 17-cv-2559-ZMF |

**MEMORANDUM OPINION & ORDER**

Plaintiffs, Koch Minerals Sàrl ("Koch Minerals") and Koch Nitrogen International Sàrl ("Koch Nitrogen"), filed this suit against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), seeking recognition of and judgment on an arbitral award issued by the International Centre for Settlement of Investment Disputes ("ICSID").  *See* ECF No. 7 (Am. Compl.), ¶¶ 1, 8.  After Venezuela made a late appearance in this litigation, the Court granted Venezuela's Motion to Set Aside Default but denied its Motion to Dismiss, finding that Venezuela was properly served and that the matter was properly before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  *See Koch Minerals Sàrl v. Bolivarian Republic of Venezuela*, 514 F. Supp. 3d 20 (D.D.C. 2020), *reconsideration denied sub nom. Sàrl v. Bolivarian Republic of Venezuela*, No. 17-cv-2559, 2021 WL 3556565 (D.D.C. Feb. 22, 2021).  Plaintiffs now move for summary judgment.  *See* ECF No. 52 (Pls.' Mot. Summ. J.).  For the reasons discussed herein, the Court GRANTS Plaintiffs' Motion for Summary Judgment and confirms the ICSID Award.

1

I. **Background**

The parties' dispute arose on October 10, 2010, when then-President of Venezuela, Hugo Chavez, took control of FertiNitro—a company in which both Plaintiffs, Koch Minerals and Koch Nitrogen, had financial interests. *See* Am. Compl., ¶ 13; *id.*, Ex. 1 (Int'l Ctr. for Settlement of Investment Disputes Award), ¶¶ 5.1, 5.4 ("ICSID Award"). Plaintiffs claimed that, by taking control of FertiNitro, the Venezuelan government expropriated Koch Mineral's 25% equity interest in the company and interfered with an existing contract between the company and Koch Nitrogen. *See id.*, ¶¶ 5.1, 5.4, 5.60. Plaintiffs further claimed that they never received any compensation for the expropriation of FertiNitro's assets. *See id.*, ¶¶ 5.4, 7.4, 7.5.

Attempting to resolve these disputes, Plaintiffs filed a request for arbitration under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"). *See id.*, ¶ 5.73. That Convention created the ICSID to "provide facilities for conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States." ICSID Convention art. 1, Aug. 27, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159. After completing arbitration, the ICSID found that Venezuela was liable and awarded Koch Minerals $140.25 million and Koch Nitrogen $184.8 million. *See* ICSID Award, ¶¶ 10.3, 12.3, 12.4. The arbitrators later modified Koch Nitrogen's award, reducing it from $184.8 million to $166.7 million, *see* Am. Compl., Ex. 2 (ICSID Rectification Award), ¶ 74, prompting Plaintiffs to amend their complaint, *see* Am. Compl., ¶ 26. The awards also included pre- and post-award interest and legal costs. *See* ICSID Award, ¶¶ 12.3–12.8.

After the ICSID issued its decision, Plaintiffs filed this suit seeking to enforce the award under 22 U.S.C. § 1650a(a). *See* Pls.' Mot. Summ. J. at 4. After Plaintiffs filed this action but before making an appearance, Venezuela petitioned the ICSID to annul the Arbitration Award.

*See* ECF No. 25 (Pls.' Mot. for Default J.), Ex. 3 (ICSID Annulment Procedural Order No. 1), ¶ 1. By applying to annul the award, Venezuela triggered an automatic, provisional stay that prevented the parties from enforcing the award until the annulment dispute was settled. *See id.*, ¶ 3; ECF No. 43 (Joint Status Report, Nov. 6, 2020), Ex. 1 (ICSID Case Details) at 9; ECF No. 30 (Def.'s Mot. Set Aside Default & MTD) at 8. That stay, however, was lifted on April 1, 2019, after Venezuela failed to post the required security. *See* ICSID Annulment Procedural Order No. 1, ¶¶ 6, 8, 29, 32, 34. Still, the petition remained pending. Last year, the Court ordered the parties to file a joint report regarding the current status of the proceedings. *See* Minute Order (Nov. 3, 2020). Although the ICSID has issued several new procedural orders since lifting the stay in April 2019, neither party attached these orders to their joint report. *See* Joint Status Report (Nov. 6, 2020); ICSID Case Details at 10. In fact, Venezuela maintains that it has "no knowledge of the annulment proceedings." Joint Status Report (Nov. 6, 2020) at 2. Since that time, the annulment petition was briefed before a three-member ICSID panel, and the panel held a hearing on June 17 and 18, 2021. *See* World Bank, *Case Details: Koch Minerals Sàrl & Koch Nitrogen International Sàrl v. Bolivarian Republic of Venezuela* (ICSID Case No, ARB/11/19), https://icsid.worldbank.org/cases/case-database/case-detail?CaseNo=ARB/11/19.

**II.      Legal Standard**

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the

3

initial burden of demonstrating that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In evaluating motions for summary judgment, the Court must review all evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmoving party's favor. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam). In doing so, the Court must not assess credibility or weigh the evidence. *See Barnett v. PA Consulting Grp., Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013). However, the nonmoving party must provide more than mere unsupported allegations, and a genuine issue for trial must be supported by affidavits, declarations, or other competent evidence. *See* Fed. R. Civ. P. 56(c). If the nonmoving party's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249–50.

"Summary Judgment to confirm and enforce an ICSID arbitration award should be granted where the party seeking recognition or enforcement provides a copy of the award to the relevant court . . . and where there are no defenses to enforcement." *Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, No. 21-cv-129, 2021 WL 326079, at *4 (D.D.C. Feb. 1, 2021) (citing ICSID Convention art. 54(2); *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019)). "This is because courts have an 'exceptionally limited' role in enforcing ICSID arbitral awards." *Id.* (quoting *TECO*, 414 F. Supp. 3d at 101).

**III.     Analysis**

"ICSID is not empowered to enforce awards[,] . . . [i]nstead, prevailing parties must register their awards with a court of a member state." *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, No. 17-cv-102, 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018).  Under the ICSID Convention, a member state's courts must "recognize an award . . . as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that [s]tate."  ICSID Convention art. 54.

The ICSID Convention's enabling statute makes clear that, in an enforcement proceeding, courts may not reconsider the propriety of an ICSID award:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID C]onvention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award *shall be enforced* and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.

22 U.S.C. § 1650a(a) (emphasis added).  Moreover, the Federal Arbitration Act ("FAA")—which guides judicial review of certain kinds of arbitral awards—does not provide grounds for vacating an ICSID award.  *See id.* ("The [FAA] shall not apply to enforcement of awards rendered pursuant to the [ICSID C]onvention.").  Thus, a member state's court is "not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; all it may do is examine the judgment's authenticity and enforce the obligations imposed by the award."  *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 16-cv-1533, 2019 WL 2185040, at *4 (D.D.C. May 21, 2019) (quoting *TECO*, 2018 WL 4705794, at *2) (cleaned up).

Venezuela has presented no grounds to contest the authenticity of the ICSID Award.  *See generally* ECF No. 53 (Def.'s Opp'n).  Nor has it raised any concerns about the ICSID Award's

finality in light of the annulment proceedings.  *See id.* at 1–3; *see also Koch Minerals Sàrl v. Bolivarian Republic of Venezuela*, 514 F. Supp. 3d 20 (D.D.C. 2020) (addressing pending annulment proceedings).  But, as the ICSID panel lifted the stay of enforcement, this poses no impediment to entering a judgment enforcing the award.  Rather, Venezuela's two-page Opposition was limited to asking Plaintiffs to clarify the interest rates and calculations, *see id.* at 2, which Plaintiffs did, *see* ECF No. 54 (Pls.' Reply), Ex. 1 (Schedule of Amounts Owed).  Venezuela pointed out—and Plaintiffs have not disputed—that the interest rates set out in the ICSID Award will apply post-award (but pre-judgment), whereas the federal statutory interest rate will apply post-judgment.  *See* Def.'s Opp'n at 1–2; Pls.' Reply at 23; *Tenaris S.A. v. Bolivarian Republic of Venezuela*, No. 18-cv-1371, 2020 WL 3265476, at *2 (D.D.C. June 17, 2020).  Having no further arguments to consider, the Court will enter judgment in favor of Plaintiffs and confirm the ICSID Award.  *See OI European Grp.*, 2019 WL 2185040, at *5.

## IV.  Conclusion

For these reasons, the Court will enter judgment for Plaintiffs and confirm the ICSID Award.  Plaintiffs are entitled to the sum of:[1]

- To Koch Minerals:
    - The principal amount: $140,250,000;
    - Pre-award interest from October 11, 2010 to October 30, 2017, calculated at the US$ Libor 6-month rate plus 2%, compounded every six months: $28,419,011.14; and

---

[1] The total awards are pulled from Plaintiffs' Motion for Summary Judgment, and Venezuela has not contested these amounts.  *See* Def.'s Opp'n 1–3; Pls.' Mot. Summ. J. at 10–11; Pls.' Reply at 2–3.

- - Post-award interest from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.  *See* Schedule of Amounts Owed at 24.

- To Koch Nitrogen:

    - The principal amount: $166,700,000;

    - Pre-award interest from October 11, 2010 to October 30, 2017, calculated at the US$ Libor 6-month rate plus 2%, compounded every six months: $33,778,603.62; and

    - Post-award interest from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.  *See* Schedule of Amounts Owed at 24.

- Jointly, to Plaintiffs:

    - Legal costs: $17,436,085.10;

    - Arbitration costs: $628,836.435;

    - Post-award interest on the foregoing legal and arbitration costs from October 30, 2017, to the date of this Court's entry of judgment at a rate of US$ Libor 6-month rate plus 2%, compounded every six months.  *See* Schedule of Amounts Owed at 24; and

    - Post-judgment interest on the total amount of the award, calculated at the rate set forth in 28 U.S.C. § 1961, from the date of judgment until full payment.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE