IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,

*Plaintiffs*,

*v.*

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant.*

Civil Action No: 17-cv-02559- ZMF

**PLAINTIFFS' MOTION FOR RELIEF
PURUSANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Plaintiffs Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively "the Koch Plaintiffs" or "Plaintiffs"), by and through its counsel Alston & Bird LLP, respectfully submits this Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 as follows:

1. Plaintiffs move for an order pursuant to 28 U.S.C. § 1610(c), determining that a reasonable period of time has elapsed since this Court's August 18, 2021 Final Judgment ("Judgment"), *see* ECF No. 55, such that Plaintiffs may seek to attach Venezuelan assets to aid in the execution of the Court's judgment. Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that, when a judgment has been entered against a foreign state, no attachment of that state's property in the United States in execution of the judgment may occur until "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment . . . ." 28 U.S.C. § 1610(c). A "reasonable" period of time has passed in this case and the Venezuela has failed to show any effort or intention of paying Plaintiffs pursuant to this Court's judgment and the underlying arbitration award (the "Award").

2. Plaintiffs further move for an order pursuant to 28 U.S.C. § 1963 permitting, for

good cause, Plaintiffs to register the Court's Judgment in other judicial districts of the United States, and specifically in the District of Delaware. Section 1963 provides that a "judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.  Plaintiffs have not identified any assets in this district belonging to Venezuela against which it will be possible to execute the Judgment. They have, however, identified such assets in the District of Delaware. Indeed, multiple judgment and award creditors of Venezuela's are already seeking to execute against those same Delaware assets. Good cause therefore exists for this Court to grant Plaintiffs permission to register the Judgment in the District of Delaware.

Further reasons for granting the relief sought are discussed in detail in Plaintiffs' supporting Memorandum of Law.

Dated: December 1, 2021               Respectfully submitted,

/s/ *Alexander A. Yanos*
ALSTON & BIRD LLP
Alexander Yanos
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
rajat.rana@alston.com

*Counsel for Plaintiffs Koch Minerals Sàrl and Koch Nitrogen International Sàrl*