## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KOCH MINERALS SÀRL, KOCH NITROGEN
INTERNATIONAL SÀRL,

*Plaintiffs*,

*v.*

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant*.

Civil Action No: 17-cv-02559- ZMF

## PLAINTIFFS' MOTION FOR RELIEF
## PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963

Plaintiffs Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI")

(collectively "the Koch Plaintiffs" or "Plaintiffs") hereby move for an Order: (*i*) pursuant to 28

U.S.C. § 1610(c), determining that a reasonable period of time has elapsed since this Court's

August 18, 2021, Final Judgment confirming an arbitral award against the Bolivarian Republic of

Venezuela ("Defendant" or "Venezuela") and entering judgment against Venezuela in the amount

of US\$325,014,921.53 plus interest, *see* ECF No. 55 (the "Judgment"), such that Plaintiffs may

seek to attach Venezuela's assets to aid in the execution of the court's judgment; and (*ii*) pursuant

to 28 U.S.C. § 1963, permitting, for good cause, Plaintiffs to register the Court's Judgment in other

judicial districts of the United States, including the District of Delaware.

## FACTUAL BACKGROUND

On October 10, 2010, Venezuelan President Hugo Chávez, through a decree, ordered the

expropriation of Plaintiffs' interest in FertiNitro—an operation of two fertilizer plants located in

Venezuela. *See* ECF No. 7 (Plaintiffs' Amended Complaint) ¶¶ 12–13. Plaintiffs' investment was

protected by the Agreement between the Swiss Confederation and the Government of the Republic

of Venezuela on the Reciprocal Promotion and Protection of Investments ("Treaty"). *Id.* ¶¶ 17-18;

1

*see also* ECF No. 7-1.   Pursuant to the terms of the Treaty, Plaintiffs commenced arbitration seeking compensation for the loss of its investment from Venezuela.   Plaintiffs' request for arbitration was formally registered on June 19, 2011 by the International Centre for Settlement of Disputes ("ICSID").   ECF No. 7 ¶ 15.   On October 30, 2017, the ICSID Tribunal found that Venezuela unlawfully expropriated Plaintiffs' interest in FertiNitro, ordering that Venezuela compensate KOMSA and KNI US$ 140,250,000 and US$ 184,250,000 respectively.   *Id.* ¶ 19–20. The Tribunal also awarded Plaintiffs pre-award interest, legal costs, arbitration costs, and post-award interest.   *Id.* ¶¶ 21–23.   Thereafter, the Tribunal accepted Venezuela's request for rectification of an error calculating the principle amount of the award and reduced KNI's compensation from US$184,800,000 to US$166,700,000.   *Id.* ¶ 26; *see also* ECF No. 7-2 ¶74. (Decision on Rectification).   The Tribunal's Decision on Rectification, ECF No. 7-2, is now treated as part of the October 30, 2017 Award, ECF No. 7-1.   *See* ICSID Convention, Art. 49(2).

Since the issuance of the Award, Venezuela has refused to pay the sums owed to Plaintiffs. As a result, on November 28, 2017, Plaintiffs filed this action to enforce the pecuniary obligations of the Award against Venezuela.   *See* ECF No. 1.   After filing an amended complaint in May of 2018 (ECF No. 7) and protracted proceedings addressing Venezuela's tardy appearance (*see* ECF No. 25), Plaintiffs moved for summary judgment on March 9, 2020.   ECF No. 52.   On August 18, 2021, this Court issued the Judgment granting Plaintiffs' Motion for Summary Judgment.   *See* ECF No. 55.   To date, Venezuela has yet to fulfill its pecuniary obligations to Plaintiffs under the Award or the Judgment.   As more than three months have now passed since the Judgment, and because Venezuela has failed to timely file an appeal, Plaintiffs now request this Court's permission to register the Judgment in the District Court of the District of Delaware and to find that a reasonable period of time has elapsed to allow attachment of Venezuelan assets to fulfill the

2017 Award.

**ARGUMENT**

I.      **RELIEF PURSUANT TO 28 U.S.C. § 1610(C) IS WARRANTED.**

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that, when a judgment has been entered against a foreign state, attachment of the foreign state's property in the United States in execution of the judgment is permitted once "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment . . . ." 28 U.S.C. § 1610(c). Section 1610(c) does not define what constitutes a "reasonable period of time[,]" leaving it to the discretion of the Court to consider on a case-by-case basis.

Courts have regularly found a "reasonable" period of time to have passed as soon as two months after the entry of judgment. *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("Although the necessary interim 'will of course vary according to the nuances of each case,' courts have found periods of three months and less reasonable.") (quoting *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001)); *see also, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No.: 16-cv-0661 (RC), 2017 U.S. Dist. LEXIS 221611, *2–3 (D.D.C. June 9, 2017) (finding that "two months is a reasonable time" and counting time elapsed since filing a motion under 28 U.S.C. § 1610(c) was filed 18 days after entry of judgment); *Karaha Bodas Co., L.L.C., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No: H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *4 (S.D. Tex. Jan. 24, 2002) (finding that a reasonable period of time had elapsed at 50 days from entry of judgment); Order, *Gold Reserve v. Bolivarian Republic of Venez.*, No. 14-cv-2014 (JEB) (D.D.C. Jan. 20, 2016) ECF No. 48 (two months after entry of judgment); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Elliott Assocs., L.P. v. Banco de la Nacion*, 96 Civ. 7916 (RWS), 96 Civ. 7917 (RWS), 2000 U.S. Dist. LEXIS 15649, at *1 (S.D.N.Y. June 22, 2000) (ten days after entry of judgment).

In this case, it has been more than three months since the Court's Order entering final judgment and confirming the Award. *See* ECF No. 55. More than ***forty-eight*** months have passed since the Award itself was rendered. *See* ECF No. 7-1. (Award dated October 30, 2017). Pursuant to well-established precedent, Venezuela has had more than a reasonable period of time to satisfy its obligations to Plaintiffs, yet it demonstrated that it will not do so. *See Karaha Bodas,* 2002 U.S. Dist. LEXIS 3976, at *6 (refusing to delay an order pursuant to 28 U.S.C. § 1610(c) beyond 50 days following confirmation of an arbitral award, where the foreign sovereign entity "[knew] the extent of its potential liability for over a year . . . when the Arbitral Tribunal issued its final award"). Under these circumstances, more than three months following this Court's entry of final judgment is more than a reasonable period of time for Venezuela to arrange for the payment of the Award, or at the very least to make a representation to this Court that it intends to do so. Venezuela has done neither. Nor has Venezuela appealed the Judgment.

Venezuela's failure to take any steps in this regard is unsurprising. Indeed, Venezuela's habitual practice is to avoid payment of its international obligations, as evidenced by the need for creditors repeatedly to seek the assistance of United States district courts in holding Venezuela to its obligations under international arbitration awards. *See, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151 (D. Del. filed June 19, 2017); *OI European Grp. B.V. v. Bolivarian Republic of Venez. et al.,* 1:19-mc-00290 (D. Del. filed Nov. 4, 2019); *Valores Mundiales, S.L., et al. v. Bolivarian Republic of Venez.*, 1:19-cv-00046 (D.D.C. filed Jan. 8, 2019); *Koch Minerals Sàrl, et al. v. Bolivian Republic of Venez.*, 1:17-cv-02559 (D. Del. filed Nov. 28, 2017); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1371 (D.D.C. filed June 8, 2018); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1373 (D.D.C. filed June 8, 2018); *Vestey Grp. Ltd v. Bolivarian Republic of Venez.*, 1:18-cv-01456 (D.D.C. filed June 20,

2018); *Tidewater Inv. SRL, et al. v. Bolivarian Republic of Venez.*, 1:19-mc-00079 (D. Del. filed Apr. 3, 2019); *Northrop Grumman Ship Sys, Inc. v. Bolivarian Republic of Venez.*, 1:20-mc-00257-LPS (D. Del. filed July 31, 2020).   In each of these cases, Venezuela has failed voluntarily to satisfy the international arbitration awards rendered against it.   There is no reason to expect Venezuela to deviate from this pattern now.   A "reasonable period of time" has passed and the Court should accordingly grant relief under 28 U.S.C. § 1610(c).

## II.     RELIEF PURSUANT TO 28 U.S.C. § 1963 IS WARRANTED.

Plaintiffs also  respectfully  requests  that  this  Court  enter  an  order  pursuant  to 28 U.S.C. § 1963, granting Plaintiffs permission to register the Judgment in other judicial districts of the United States, including in particular the District of Delaware.

Section 1963 provides that a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown.*"   28 U.S.C. § 1963 (emphasis added).   "Good cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (internal quotations omitted); *see also Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006) (finding "good cause to authorize the registration of this judgment in other U.S. District Courts" where judgment debtor "lack[ed] assets in the District of Columbia but possesse[d] assets elsewhere").

Here, good cause exists to allow Plaintiffs to proceed with registering its judgment in another judicial district.   Plaintiffs have not identified any commercial assets belonging to Venezuela in the District of Columbia.   Such assets have, however, been located in the District of Delaware.

At the same time, a line of judgment creditors has already queued in the District of Delaware, all seeking to attach the same limited assets.  In 2018, the Delaware District Court granted Canadian mining company Crystallex a writ of attachment.  *Id.*  That decision was subsequently affirmed by the Third Circuit, and the Supreme Court denied Venezuela's application for *certiorari* to review that decision.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petróleos de Venez., S.A.)*, 932 F.3d 126, 132 (3d Cir. 2019), *cert. denied*, 206 L. Ed. 2d 936 (U.S. 2020).  Since then, the Delaware District court has appointed a special master and begun the process of organizing an auction of the assets.  *See* Memorandum Order Appointing Robert B. Pincus, Esq. as Special Master, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. Apr. 28, 2021), ECF No. 258.  The parties are currently in the process of negotiating a proposed sale order for the Delaware District Court's approval.  *See* Notice of Third Revised Proposed Sale Procedures Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. Apr. 28, 2021), ECF No. 411.

As the *Crystallex* proceedings advance toward a sale, multiple parties have lined up to receive similar writs on the same legal basis.  ConocoPhillips registered an approximately US$ 2 billion judgment from the United States District Court for the Southern District of New York based on an arbitral award against PDVSA with the Delaware District Court on November 29, 2019.  *See Phillips Petro. Co. Venez. Ltd. et al v. Petróleos de Venez., S.A. et al*., 1:19-mc-00342, (D. Del. Nov. 26, 2011) ECF No. 1.  ConocoPhillips simultaneously moved for a writ allowing it to attach and auction the same assets, which remains pending, *id*. at ECF No. 2, and has participated in briefing concerning the organization of a prospective auction of the assets as a nonparty intervenor in the *Crystallex* proceedings before the Delaware District Court.  *See* Non-Parties Phillips Petro. Co. Venez. Ltd. and ConocoPhillips Petrozuata B.V.'s Opening Brief Regarding Conduct of PDV

Holdings, Inc. Share Sale, *Crystallex Int'l Corp.*, 1:17-mc-00151, (D. Del. June 17, 2020) ECF No. 180.

Both the volume of proceedings seeking to collect on judgments against Venezuela in the Delaware District Court, as well as the amount of creditors seeking enforcement of international awards in the district courts more generally, *see supra* Section I, confirm the urgency of Plaintiffs' motion under 28 U.S.C. § 1963.  Given Venezuela's public record on matters identical to these, there is no reason to believe that Venezuela will voluntarily pay the Judgment.  Good cause therefore exists for the Court to authorize Plaintiffs to register their judgment against Venezuela in the District of Delaware so that they too may participate in the auction process before it is too late.

## CONCLUSION

For these reasons, the Court should find that a reasonable period of time has elapsed within the meaning of 28 U.S.C. § 1610(c), and that good cause exists to permit registration of this Court's judgment in Delaware.  A proposed Order is respectfully attached for the Court's consideration.

Dated: December 1, 2021

Respectfully submitted,

*/s/ Alexander A. Yanos*
ALSTON & BIRD LLP
Alexander Yanos
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
rajat.rana@alston.com

*Counsel for Plaintiffs Koch Minerals Sàrl and Koch Nitrogen International Sàrl*