UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOCH MINERALS SÀRL,
KOCH NITROGEN INTERNATIONAL SÀRL,

*Plaintiffs*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant*.

Case No. 17-cv-02559

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S
MOTION TO CORRECT THE JUDGMENTS**

Pursuant to Federal Rules of Civil Procedure 60(a) and 60(b)(1), Defendant Bolivarian Republic of Venezuela, by and through the undersigned counsel, respectfully moves this Court to correct clerical mistakes and other errors in the Judgments that were entered on January 21, 2022. (ECF Nos. 61, 62, and 63). Before filing this motion, the undersigned conferred with opposing counsel by email. Counsel for Plaintiffs Koch Minerals Sàrl and Koch Nitrogen International Sàrl (together, "Koch") stated that Koch does not consent to this motion.

This Court granted summary judgment in a Memorandum Opinion & Order on August 18, 2021 (ECF No. 55 or "Opinion"), and entered a separate order to that effect on January 18, 2022 (ECF No. 60). In the Opinion, the Court stated that it would enter judgment for the Plaintiffs as follows:

- To Koch Minerals – A principal amount of $140,250,000, pre-award interest amounting to $28,419,011.14, and post-award interest to accrue from October 30, 2017 until the date of the Court's entry of judgment at the LIBOR 6-month rate plus 2% compounded every 6 months;

- To Koch Nitrogen – A principal amount of $166,700,000, pre-award interest amounting to $33,778,603.62, and post-award interest to accrue from October 30,

>  2017 until the date of the Court's entry of judgment at the LIBOR 6-month rate plus 2% compounded every 6 months; and
>
> - To both Plaintiffs jointly – Legal costs of $17,436,085.10 and arbitration costs of "$628,836.435."[1]

In addition, the Court held that post-judgment interest would accrue on each of the amounts above at the federal statutory rate, 28 U.S.C. § 1961. Opinion 6-7.

On January 21, 2022, instead of entering one judgment, the Clerk of Court entered three separate form judgments. (ECF Nos. 61, 62, and 63). The first judgment was entered in favor of Koch Minerals in the amount of $140,250,000, inclusive of 2% pre-judgment interest, and providing for post-judgment interest at a rate of 2% per annum. (ECF No. 61). The second judgment was entered in favor of Koch Nitrogen in the amount of $166,700,000, inclusive of 2% pre-judgment interest, and also providing for post-judgment interest at a rate of 2% per annum. (ECF No. 62). The third judgment was entered in favor of both Plaintiffs in the amount of $17,436,085.[2] (ECF No. 63). That judgment provided for pre-judgment interest at the rate of 2% and did not provide for post-judgment interest.

Rule 60(a) grants courts the authority to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a); *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-0496 (CKK), 2021 U.S. Dist. LEXIS 123954, at *12 (D.D.C. July 2, 2021); *see also Smith v. Oppenheimer & Co.*, No. G83-948-CA7, 1989 U.S. Dist. LEXIS 18083, at *16 (W.D. Mich. July 21, 1989) (holding that Rule 60(a) is a "proper vehicle for amending a judgment to provide for post-judgment interest since the failure to include post-judgment interest in a judgment is merely a clerical error").

---

[1] The amount for arbitration costs awarded by the ICSID tribunal is "$628,836.435." ECF No. 1-1 at 288.
[2] While the "Other" field of the judgment form references the "$628,836.435" in arbitration costs, the "Other" box on the judgment form is not checked and that amount is not included in the operative part of the judgment.

Here, it is necessary for the Court to correct the judgements entered by the Clerk because they do not reflect this Court's Opinion granting summary judgment or the underlying ICSID award. Pursuant to the Court's Opinion, the judgment was to accrue interest at the federal statutory rate. However, two of the judgments provide for 2% post-judgment interest. While the third judgment references 28 U.S.C. § 1961 in the "Other" field of the judgment form, the Clerk did not check the "Other" box, and the operative part of the judgment does not provide for any post-judgment interest. Therefore, the judgments should be corrected to fix that mistake.

In addition, all three judgments provide for 2% pre-judgment interest, which is, at best, confusing because the underlying ICSID award provided for a different rate of pre-award and post-award interest to run through the date of the judgments.[3] The pre-judgment interest component of the judgments should therefore also be corrected.

---

[3] While the "Other" section of the judgment forms references pre-award and post-award interest, the Clerk did not check the "Other" box on the judgment forms and, therefore, those sections are seemingly inconsistent with the operative sections of the judgment forms—which state that the principal amounts of the judgments are inclusive of 2% pre-judgment interest.

**CONCLUSION**

Pursuant to Rules 60(a) and 60(b)(1), the Court should vacate the judgments at Docket Entries Nos. 61, 62 and 63 and direct the Clerk to enter a corrected judgment in substantially the same form as Exhibit A to this motion, which is consistent with the Court's Opinion.

| | | |
|---|---|---|
| Dated: | Washington, D.C.<br>February 10, 2022 | Respectfully submitted,<br><br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br><br>By: */s/ Joseph D. Pizzurro*<br>Joseph D. Pizzurro<br>(D.C. Bar No. 468922)<br>Kevin A. Meehan<br>(D.C. Bar No. 1613059)<br>1717 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Tel.: (202) 452-7373<br>Fax: (202) 452-7333<br>Email: jpizzurro@curtis.com<br>Email: kmeehan@curtis.com<br><br>*Attorneys for Defendant*<br>*Bolivarian Republic of Venezuela* |